UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | S1 25 Cr. 91 VB |
| CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, Defendants. | |

## COUNT ONE
### (Conspiracy to Distribute Controlled Substances)

The Grand Jury charges:

1.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2. It was a part and an object of the conspiracy that CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, would and did manufacture, distribute, and dispense, and possess with intent to manufacture, distribute, and dispense a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances involved in the offense were, (a) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," and CALVIN LEWIS, a/k/a "Ski," the defendants, fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," and KALIF COX, a/k/a "Leef," a/k/a "LG," the defendants, four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A); (c) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (d) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski,"

and EMMANUEL IDYIS, the defendants, mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Conspiracy to Import Narcotics and Controlled Substances)

The Grand Jury further charges:

4.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico and elsewhere, CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics and controlled-substance laws of the United States.

5.     It was a part and an object of the conspiracy that CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, would and did import into the United States from any place outside thereof a narcotic drug and a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

6.     It was further a part and an object of the conspiracy that CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance will be

unlawfully imported into the United States and into waters within a distance of twelve miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

7.     The controlled substances and narcotic drugs involved in the offense were (a) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," and CALVIN LEWIS, a/k/a "Ski," the defendants, fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 960(b)(1)(H); (b) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," and KALIF COX, a/k/a "Leef," a/k/a "LG," the defendants, four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F); (c) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 960(b)(1)(B); and (d) with respect to CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Section 960(b)(3).

(Title 21, United States Code, Section 963.)

## COUNT THREE
### (Continuing Criminal Enterprise)

The Grand Jury further charges:

8.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown engaged in a continuing criminal enterprise (the "Continuing Criminal Enterprise"), in that MOLINA RODRIGUEZ and MARTINEZ committed violations, the punishment for which is a felony, of Title 21, United States Code, Chapter 13, Subchapters I and II, including, among others, Violations One through Twenty-Three set forth below, which violations were part of a continuing series of violations of those statutes undertaken by MOLINA RODRIGUEZ and MARTINEZ, in concert with five and more persons with respect to whom MOLINA RODRIGUEZ and MARTINEZ each occupied a position of organizer, supervisor, and any other position of management, and from which continuing violations MOLINA RODRIGUEZ and MARTINEZ each obtained substantial income and resources.

9.     Furthermore, CARLOS MOLINA RODRIGUEZ, the defendant, was the principal administrator, organizer, and leader, and one of several such principal administrators, organizers, or leaders, of the Continuing Criminal Enterprise, and committed violations, the punishment for which is a felony, of Title 21, United States Code, Chapter 13, Subchapters I and II, which involved at least 200 times the quantity of methamphetamine, its salts, isomers, and salts of its isomers, as described in Title 21, United States Code, Section 841(b)(1)(B), and the Continuing Criminal Enterprise received $5,000,000 and more in gross receipts during a twelve-month period of its existence for the manufacture, importation, and distribution of methamphetamine, its salts, isomers, and salts of its isomers.

## Violation One

10.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States. It was a part and an object of the conspiracy that MOLINA RODRIGUEZ and MARTINEZ, and others known and unknown, would and did manufacture, distribute, and dispense, and possess with intent to manufacture, distribute, and dispense (a) fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); (b) four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); (c) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); and (d) mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

## Violation Two

11.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed

together and with each other to violate the controlled-substance laws of the United States. It was a part and an object of the conspiracy that MOLINA RODRIGUEZ and MARTINEZ, and others known and unknown, would and did import into the United States from any place outside thereof, and would and did manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance will be unlawfully imported into the United States and into waters within a distance of twelve miles of the coast of the United States, (a) fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 963, 952(a), 959(a), 960(a)(1), 960(a)(3), and 960(b)(1)(H); (b) four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 963, 952(a), 959(a), 960(a)(1), 960(a)(3), and 960(b)(1)(F); (c) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 963, 952(a), 959(a), 960(a)(1), 960(a)(3), and 960(b)(1)(B); and (d) mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Sections 963, 952(a), 959(a), 960(a)(1), 960(a)(3), and 960(b)(3).

<u>Violation Three</u>

12.     On or about February 18, 2025, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(H), and aided and abetted the same, in violation of Title 18, United States Code,

Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted an individual's ("CC-1") importation of approximately eighteen kilograms of crystalline methamphetamine hydrochloride from Mexico into the United States.

<u>Violation Four</u>

13. On or about May 4, 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof a controlled substance listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules I and II, and a narcotic drug listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules III, IV, and V, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the importation of narcotics and controlled substances from Mexico into the United States by KALIF COX, a/k/a "Leef," a/k/a "LG."

<u>Violation Five</u>

14. On or about May 4, 2024, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown,

using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the distribution and possession with intent to distribute controlled substances by KALIF COX, a/k/a "Leef," a/k/a "LG," throughout the United States.

Violation Six

15.　　From at least in or about April 2024 through at least in or about May 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of felonies under Chapter 13, Subchapters I and II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, Four, and Five of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of controlled substances in Mexico to KALIF COX, a/k/a "Leef," a/k/a "LG," for the purpose of unlawfully importing those controlled substances into the United States, the importation of narcotics and controlled substances from Mexico into the United States by COX, and COX's distribution and possession with intent to distribute such controlled substances throughout the United States.

### Violation Seven

16. On or about February 20, 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(H), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted an individual's ("CC-2") importation of approximately sixteen kilograms of crystalline methamphetamine hydrochloride from Mexico into the United States.

### Violation Eight

17. In or about February 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of felonies under Chapter 13, Subchapters I and II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, and Seven of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ,

MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of approximately sixteen kilograms of crystalline methamphetamine hydrochloride in Mexico to CC-2 for the purpose of unlawfully importing those controlled substances into the United States, and CC-2's importation of approximately sixteen kilograms of crystalline methamphetamine hydrochloride from Mexico into the United States.

Violation Nine

18.     On or about February 20, 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof a controlled substance listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules I and II, and a narcotic drug listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules III, IV, and V, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted an individual's ("CC-3") importation of narcotics and controlled substances from Mexico into the United States.

Violation Ten

19.     On or about February 20, 2024, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted CC-3's distribution and possession with intent to distribute controlled substances throughout the United States.

Violation Eleven

20.    In or about February 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of felonies under Chapter 13, Subchapters I and II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, Nine, and Ten of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of controlled substances in Mexico to CC-3 for the purpose of unlawfully importing those controlled substances into the United States, CC-3's importation of narcotics and controlled substances from Mexico into the United States, and CC-3's distribution and possession with intent to distribute such controlled substances throughout the United States.

<u>Violation Twelve</u>

21.     On or about February 19, 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof a controlled substance listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules I and II, and a narcotic drug listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules III, IV, and V, in violation of Title 21, United States Code, United States Code, Sections 952(a) and 960(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted an individual's ("CC-4") importation of narcotics and controlled substances from Mexico into the United States.

<u>Violation Thirteen</u>

22.     On or about February 19, 2024, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2. to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted CC-4's distribution and possession with intent to distribute controlled substances throughout the United States.

<u>Violation Fourteen</u>

23.     In or about February 2024, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of felonies under Chapter 13, Subchapters I and II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, Twelve, and Thirteen of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of controlled substances in Mexico to CC-4 for the purpose of unlawfully importing those controlled substances into the United States, CC-4's importation of narcotics and controlled substances from Mexico into the United States, and CC-4's distribution and possession with intent to distribute such controlled substances throughout the United States.

<u>Violation Fifteen</u>

24.     On or about August 5, 2023, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof cocaine, a controlled substance listed in Title 21, United

14

States Code, Chapter 13, Subchapter I, Schedules I and II, and a narcotic drug listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules III, IV, and V, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted EMMANUEL IDYIS's importation of cocaine, narcotics, and controlled substances from Mexico into the United States.

Violation Sixteen

25.    On or about August 5, 2023, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted EMMANUEL IDYIS's distribution and possession with intent to distribute controlled substances throughout the United States.

Violation Seventeen

26.    From at least in or about July 2023 through at least in or about August 2023, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of felonies under Chapter 13, Subchapters I and II, of Title 21 of the

United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, Fifteen, and Sixteen of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of cocaine and controlled substances in Mexico to EMMANUEL IDYIS for the purpose of unlawfully importing those controlled substances into the United States, IDYIS's importation of cocaine, narcotics, and controlled substances from Mexico into the United States, and IDYIS's distribution and possession with intent to distribute such controlled substances throughout the United States.

<u>Violation Eighteen</u>

27. On or about August 3, 2023, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally imported into the United States from any place outside thereof a controlled substance listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules I and II, and a narcotic drug listed in Title 21, United States Code, Chapter 13, Subchapter I, Schedules III, IV, and V, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and

abetted an individual's ("CC-5") importation of narcotics and controlled substances from Mexico into the United States.

Violation Nineteen

28. On or about August 3, 2023, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted CC-5's distribution and possession with intent to distribute controlled substances throughout the United States.

Violation Twenty

29. From at least in or about July 2023 through at least in or about August 2023, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of a felony under Chapter 13, Subchapter II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One, Two, Eighteen, and Nineteen of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 952(a), 959(a), 960(a)(1), 960(a)(3),

17

960(b)(1)(H), 960(b)(1)(F), and 960(b)(3), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the manufacturing and distribution of controlled substances in Mexico to CC-5 for the purpose of unlawfully importing those controlled substances into the United States, CC-5's importation of narcotics and controlled substances from Mexico into the United States, and CC-5's distribution and possession with intent to distribute such controlled substances throughout the United States.

### Violation Twenty-One

30. On or about July 27, 2023, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ, the defendant, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N- [ 1- ( 2- phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the mailing of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl to a location in Pennsylvania.

### Violation Twenty-Two

31. In or about October 2022, in the Southern District of New York and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section

841(a)(1), and aided and abetted the same, in violation of Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the distribution and possession with intent to distribute of controlled substances by KALIF COX, a/k/a "Leef," a/k/a "LG," throughout the United States.

### Violation Twenty-Three

32.     In or about October 2022, in the Southern District of New York, Mexico, and elsewhere, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, and others known and unknown, knowingly and intentionally used a communication facility in committing and in causing and facilitating the commission of a felony under Chapter 13, Subchapter II, of Title 21 of the United States Code, and aided and abetted the same, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2, to wit, MOLINA RODRIGUEZ and MARTINEZ used cellphones, cloud storage accounts, and the cellphone applications Instagram, WhatsApp, Telegram, CashApp, Zelle, and Uber, among others, to facilitate Violations One and Twenty-Two of Count Three of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C), to wit, MOLINA RODRIGUEZ, MARTINEZ, and others known and unknown, using cellphones, cloud storage accounts, and cellphone applications, aided and abetted the distribution and possession with intent to distribute of controlled substances by KALIF COX, a/k/a "Leef," a/k/a "LG," throughout the United States.

(Title 21, United States Code, Sections 848(a), 848(b), 848(c), 848(s).)

## COUNT FOUR
### (Racketeering Conspiracy)

The Grand Jury further charges:

### THE MAKK BALLAS ENTERPRISE

33.     CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG,"
JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the
defendants, and others known and unknown, were members and associates of the Makk Ballas, a
criminal organization that operated principally in Middletown, New York, and elsewhere.
Members and associates of the Makk Ballas engaged in, among other activities, narcotics
trafficking, bank fraud, robberies, acts involving murder and assault, and firearms trafficking.

34.     The Makk Ballas, including its leaders, members, and associates, constituted an
"enterprise," as defined by Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is,
a group of individuals associated in fact, although not a legal entity (the "Makk Ballas" or the
"Enterprise"), which was engaged in, and the activities of which affected interstate and foreign
commerce. The Makk Ballas constituted an ongoing organization whose members functioned as a
continuing unit for a common purpose of achieving the objectives of the Makk Ballas.

35.     The Makk Ballas consisted of several sub-groups, known as "sets." From at least
in or about 2019 through at least in or about July 2024, CARLOS MARTINEZ, a/k/a "BWay,"
KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a
"Ski," and EMMANUEL IDYIS, the defendants, were a part of a Makk Ballas set known as the
"Forbes List." As a sub-group of the Makk Ballas, Forbes List members were, by definition,
members of the Makk Ballas; Forbes List members ultimately answered to, and followed orders
from, the leadership of the Makk Ballas; and Forbes List members followed the rules, practices,
and orders of the Makk Ballas.

## PURPOSES OF THE MAKK BALLAS

36.     The purposes of the Makk Ballas included the following:

a.      Preserving and protecting the power, territory, and profits of the Makk Ballas and its members and associates through acts involving murder, assault, robberies, other acts of violence, and threats of violence.

b.      Enriching the members and associates of the Makk Ballas through, among other things, (1) the importation, possession, and distribution of narcotics and controlled substances; (2) financial frauds; and (3) robberies.

c.      Promoting and enhancing the Makk Ballas and the reputation and activities of its members and associates.

d.      Keeping victims and potential victims in fear of the Makk Ballas and its members and associates through acts and threats of violence.

e.      Providing assistance to members and associates of the Makk Ballas who committed crimes for and on behalf of the Makk Ballas.

## MEANS AND METHODS OF THE MAKK BALLAS

37.     Among the means and methods employed by the members and associates of the Makk Ballas in conducting and participating in the conduct of the affairs of the Makk Ballas were the following:

a.      Members and associates of the Makk Ballas committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and assault, to protect and to expand the Makk Ballas's criminal operations, resolve disputes within the Makk Ballas, and to retaliate against rival gangs.

b.      Members and associates of the Makk Ballas trafficked, possessed, distributed, and sold narcotics and controlled substances, and conspired to import, traffic, possess, distribute, and sell narcotics and controlled substances.

c.      Members and associates of the Makk Ballas committed, and conspired and attempted to commit, financial frauds by depositing fraudulent checks into bank accounts controlled by members and associates of the Makk Ballas and withdrawing those funds before the checks were flagged as fraudulent, and by using stolen credit card information to finance their illegal activities, including to pay for travel expenses related to drug trafficking.

d.      Members and associates of the Makk Ballas committed robberies.

e.      Members and associates of the Makk Ballas obtained, possessed, trafficked in interstate commerce, and used firearms and ammunition.

f.      Members and associates of the Makk Ballas possessed, carried, used, brandished, and discharged firearms in furtherance of the Makk Ballas' interests.

<u>THE RACKETEERING CONSPIRACY</u>

38.      From at least in or about 2019, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in paragraphs 33 through 37 of this Indictment, namely, the Makk Ballas, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate,

directly and indirectly, in the conduct of the affairs of the Makk Ballas through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

a. multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

b. multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

c. multiple offenses involving drug trafficking and importation in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute), 843(b) (use of a cellphone in furtherance of narcotics trafficking), 846 (narcotics conspiracy), 952 and 960(a)(1) (importation of narcotics), 959 and 960(a)(3) (distribution of controlled substances for importation), and 963 (narcotics importation conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

d. multiple acts indictable under Title 18, United States Code, Sections 1028 (relating to fraud and related activity in connection with identification documents), 1343 (relating to wire fraud), 1344 (relating to financial institution fraud), and 2 (aiding and abetting, and willfully causing);

e. multiple acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce by robbery or extortion), and 2 (aiding and abetting, and willfully causing); and

f.  multiple acts indictable under Title 18, United States Code, Sections 933 (relating to trafficking in firearms), and 2 (aiding and abetting, and willfully causing).

39.  It was a part of the conspiracy that CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Makk Ballas.

## NOTICE OF SPECIAL SENTENCING FACTORS

40.  As part of their agreement to conduct and participate in the conduct of the affairs of the Makk Ballas enterprise through a pattern of racketeering activity, the following defendants committed the following acts:

### *Narcotics Trafficking*

41.  From at least in or about 2019, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States. It was a part and an object of the conspiracy that MARTINEZ, COX, BEARD, LEWIS, IDYIS, and others known and unknown, would and did manufacture, distribute, and dispense, and possess with intent to manufacture, distribute, and dispense (a) fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, (b) four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, and (c) five kilograms and more of mixtures and substances

containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

*Narcotics Importation*

42.     From at least in or about 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States. It was a part and an object of the conspiracy that MARTINEZ, COX, BEARD, LEWIS, IDYIS, and others known and unknown, would and did import into the United States from any place outside thereof, and would and did distribute intending, knowing, and having reasonable cause to believe that such substance and narcotic will be unlawfully imported into the United States and into waters within a distance of twelve miles of the coast of the United States, (a) fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, (b) four hundred grams and more of mixtures and substances containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as fentanyl, and (c) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(1)(B), 960(b)(1)(F), 960(b)(1)(H), and 963.

*Murder of Amed Alberto Alvarado Baquedano*

43.     On or about September 21, 2019, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown,

murdered Amed Alberto Alvarado Baquedano ("Alvarado"), and aided and abetted the same, in the vicinity of Newburgh, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, to wit, (a) with intent to cause the death of another person, COX, and others known and unknown, caused the death of Alvarado, and aided and abetted the same, and (b) under circumstances evincing a depraved indifference to human life, COX, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Alvarado, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d).)

**COUNT FIVE**
**(Murder in Aid of Racketeering)**

The Grand Jury further charges:

44.     Paragraphs 33 through 37 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

45.     At all times relevant to this Indictment, the Makk Ballas, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder and robbery chargeable under New York Penal Law; offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud), 1344 (relating to financial institution fraud), and 1951 (relating to interference with commerce, robbery, or extortion).

46.     On or about September 21, 2019, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Makk Ballas, and for the purpose of gaining entrance to and

maintaining and increasing position in the Makk Ballas, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered, and aided and abetted the murder of, Amed Alberto Alvarado Baquedano, in violation of New York Penal Law, Sections 125.25(1) and (2) and 20.00, that is, COX shot at and intended to kill a rival gang member but struck and killed Alvarado, an innocent bystander.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX
### (Murder Through the Use of a Firearm)

The Grand Jury further charges:

47. On or about September 21, 2019, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Five of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, and in the course of that crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, and aided and abetted the same, to wit, COX shot at and intended to kill a rival gang member but struck and killed Amed Alberto Alvarado Baquedano, an innocent bystander.

(Title 18, United States Code, Sections 924(j) and 2.)

## SPECIAL FINDINGS REGARDING THE MURDER OF
## AMED ALBERTO ALVARADO BAQUEDANO

48. Counts Five and Six of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Five and Six, alleging the murder of Amed Alberto

Alvarado Baquedano in aid of racketeering and through the use of a firearm, the defendant KALIF COX, a/k/a "Leef," a/k/a "LG":

        a.      was eighteen years of age or older at the time of the offense;

        b.      intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

        c.      in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

**COUNT SEVEN**
**(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)**

The Grand Jury further charges:

49.      Paragraphs 33 through 37 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

50.      At all times relevant to this Indictment, the Makk Ballas, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder and robbery chargeable under New York Penal Law; offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud), 1344 (relating to financial institution fraud), and 1951 (relating to interference with commerce, robbery, or extortion).

51.      On or about September 21, 2019, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown,

as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Makk Ballas, and for the purpose of gaining entrance to and maintaining and increasing position in the Makk Ballas, an enterprise engaged in racketeering activity, as described above, (a) knowingly and intentionally attempted to murder a rival gang member, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1), 110.00, and 20.00, and (b) knowingly and intentionally assaulted the rival gang member with a dangerous weapon, and aided and abetted the same, in violation of New York Penal Law, Sections 120.05(2) and 20.00, that is, COX shot at and intended to kill a rival gang member and struck the rival gang member in the arm.

(Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2.)

## COUNT EIGHT
### (Sexual Exploitation of a Child)

The Grand Jury further charges:

52.     In or about July 2022, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, and attempted to do so, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, from Orange County, New York, COX induced a fifteen-year-old minor in New York

("Victim-1") to engage in sexually explicit conduct, video the conduct, and transmit the video via cellphone to COX.

(Title 18, United States Code, Sections 2251(a) and (e).)

## COUNT NINE
### (Receipt of Child Pornography)

The Grand Jury further charges:

53.     On or about July 18, 2022, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, knowingly received material that contained child pornography using a means and facility of interstate and foreign commerce and that had been mailed and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, from Orange County, New York, COX induced a Victim-1 to engage in sexually explicit conduct, video the conduct, and transmit the video via cellphone to COX, who received it on a cellphone.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

## COUNT TEN
### (Firearms Trafficking Conspiracy)

The Grand Jury further charges:

54.     From at least in or about March 2024 through at least in or about July 2024, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit firearms trafficking, in violation of Title 18, United States Code, Sections 933(a)(1) and (a)(2).

55.     It was a part and an object of the conspiracy that KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown, would and did ship, transport, transfer, and

cause to be transported, and otherwise dispose of a firearm to another person in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, as defined in Title 18, United States Code, Section 932(a), in violation of Title 18, United States Code, Section 933(a)(1).

56.     It was further a part and an object of the conspiracy that KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, and others known and unknown, would and did receive from another person a firearm in and otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(2).

(Title 18, United States Code, Section 933.)

## COUNT ELEVEN
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

57.     On or about July 8, 2024, in the Southern District of New York and elsewhere, KALIF COX, a/k/a "Leef," a/k/a "LG," during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT TWELVE
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

58.     In or about July 2024, in the Southern District of New York and elsewhere, JUSTICE BEARD, a/k/a "Just," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THIRTEEN
### (Possession of a Firearm After a Felony Conviction)

The Grand Jury further charges:

59.     On or about July 25, 2024, in the Southern District of New York and elsewhere, JUSTICE BEARD, a/k/a "Just," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, 9mm Taurus G3 pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT FOURTEEN
### (Possession of Ammunition After a Felony Conviction)

60.     On or about May 15, 2024, in the Southern District of New York and elsewhere, CARLOS MARTINEZ, a/k/a "BWay," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly

possessed ammunition, to wit, over one hundred Armscor rifle cartridge casings, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE ALLEGATIONS

61.     Upon conviction of the offenses alleged in Counts One and Two of this Indictment, CARLOS MOLINA RODRIGUEZ, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

62.     As a result of committing the offense alleged in Count Three of this Indictment, CARLOS MOLINA RODRIGUEZ and CARLOS MARTINEZ, a/k/a "BWay," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense; any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense; and any and all interest in, claims against, and property and contractual rights affording a source of control over the continuing criminal enterprise described in Count Three of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense.

63.     As a result of committing the offense alleged in Count Four of this Indictment, CARLOS MARTINEZ, a/k/a "BWay," KALIF COX, a/k/a "Leef," a/k/a "LG," JUSTICE BEARD, a/k/a "Just," CALVIN LEWIS, a/k/a "Ski," and EMMANUEL IDYIS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count Four of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

64.     As a result of committing the offense alleged in Counts Eight and Nine of this Indictment, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

    a.      the iPhone 11 assigned IMEI number 356560108890982; and

    b.      the iCloud account associated with Apple ID lgaliballa703@icloud.com.

65. As a result of committing the offense alleged in Count Ten of this Indictment, KALIF COX, a/k/a "Leef," a/k/a "LG," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

66. As a result of committing the offense alleged in Count Thirteen of this Indictment, JUSTICE BEARD, a/k/a "Just," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to the 9mm Taurus G3 pistol recovered in Yonkers, New York, on or about July 25, 2024.

67. As a result of committing the offense alleged in Count Fourteen of this Indictment, CARLOS MARTINEZ, a/k/a "BWay," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to the Armscor rifle cartridge casings recovered from 104 Concord Lane, Middletown, New York, on or about May 15, 2024.

### Substitute Assets Provision

68. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided

    without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and

1963(m), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924, 1963, and 2253;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

MATTHEW PODOLSKY
Acting United States Attorney

36